United States District Court
Southern District of Texas
**ENTERED**
April 04, 2025
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DAYTWON LITTLEJOHN, | § | |
| (Inmate #02929710) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-25-1348 |
| | § | |
| ED GONZALEZ, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Daytwon Littlejohn, (SPN #02929710), is a pretrial detainee held at the Harris County Jail. Representing himself and proceeding without prepaying the filing fee, Littlejohn sues Harris County Sheriff Ed Gonzalez, Harris Health Systems, the Harris Center, the Harris County Sheriff's Office Detention Command Containment Team, and various unnamed Harris County Sheriff's Office detention officers under 42 U.S.C. § 1983. (Docket Entry No. 1). Because Littlejohn is proceeding without prepaying the filing fee, the court is required to closely examine his complaint and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). After reviewing Littlejohn's complaint, the court dismisses his action with prejudice. The reasons are explained below.

### I.     Background

Littlejohn is currently in the Harris County Jail awaiting trial on several serious felony charges. *See* Search Our Records, www.hcdistrictclerk.com (visited Apr. 1, 2025). In his current complaint, he alleges that prison officials gave him a "psycho injection" after a use-of-force

incident. (Docket Entry No. 1, p. 6). He believes that the shot implanted a "hearing and listening device" in his body. (*Id.*). He alleges that he has been hearing "communications" inside his head since that time, and that prison officials can "see everything I can see" because "something [is] connected to my eye and brain memorybox." (*Id.*). When Littlejohn asks the detention officers about this device, they "act like they don't know what's going on." (*Id.* at 8). He alleges that this has been going on since July 2024. (*Id.* at 6).

Littlejohn alleges that when he reported these events to jail officials, he was locked in a "24-hr pandora box jail cell." (*Id.*). He alleges that when he reported the circumstances to internal affairs, they began withholding his mail and threatening his family members. (*Id.*). He alleges that he can hear his family crying inside of his cell, and they are telling him that they are being held hostage. (*Id.*). He also alleges that he has been dealing with "invisible people" all around him. (*Id.* at 8).

Littlejohn does not allege that he has suffered physical injuries as a result of this implanted device, but he alleges mental discomfort, emotional distress, anxiety, and depression. (*Id.* at 4). He seeks $1.2 trillion in money damages. (*Id.*).

## II.     The Legal Standards

### A.     Actions Under 42 U.S.C. § 1983

Littlejohn sues the defendants under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting

2

under color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam).  The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam).  The second element, which requires action "under color of state law," means that generally only *state* actors—not private parties—can be liable for violations of civil rights.  *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

**B.    Review Under 28 U.S.C. § 1915**

Because Littlejohn is proceeding without prepaying the filing fee, the court must examine the legal and factual basis of his complaint and dismiss the action if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint is "frivolous" for purposes of § 1915(e)(2)(B)(i) "if it lacks an arguable basis in law or fact."  *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992)).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).  A complaint fails to state a claim upon which relief can be granted if it does not contain

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

During this screening process, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). But if it does not, the court may dismiss a complaint, even before service on the defendants. *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C.    Pleadings from Self-Represented Litigants

Littlejohn is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must also "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

4

### III.   Discussion

A complaint filed by a litigant who proceeds without prepaying the filing fee may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.  A claim is considered factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton*, 504 U.S. at 33.  Included in this class of claims are those "describing fantastic or delusional scenarios" and allegations that are "fanciful" and "clearly baseless." *Id.*; *see also Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (per curiam) ("A complaint is factually frivolous when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.") (cleaned up).

Littlejohn's allegations that the defendants secretly implanted a device in his body for an improper purpose is the sort of claim that courts routinely dismiss as factually frivolous. *See, e.g., Johnson v. Drug Enf't Agency*, 137 F. App'x 680, 680-81 (5th Cir. 2005) (per curiam) (dismissing as frivolous the plaintiff's claim that the DEA implanted a transmitter in his scalp); *Dodson v. Haley*, No. 16-6196, 2017 WL 3224485, at *1 (6th Cir. May 17, 2017) (dismissing as frivolous a prisoner's claim that correctional officers installed "eye cameras" and "thought processing devices" in his body); *Golden v. Coleman*, 429 F. App'x 73, 74 (3d Cir. 2011) (per curiam) (dismissing as frivolous a prisoner's claim that prison employees implanted "Government Micro Eye Cameras" in his food, which then attached to the "visual cortex" in his brain and sent images to a computer for broadcast on "prison television"); *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (dismissing as frivolous the plaintiff's claim that prison officials implanted a tracking device in his jaw to "monitor his thoughts and send him inaudible, profane messages"); *Desouze v. Osteen*, Civil No. H-23-3935, 2023 WL 6882450 (S.D. Tex. Oct. 18, 2023) (dismissing as frivolous the plaintiff's claim that prison officials had implanted "alien microchips" in his body);

*Patterson v. UHC Hosp. of Lafayette*, No. 6:17-cv-1383, 2017 WL 6811709, at *1-2 (W.D. La. Oct. 31, 2017) (dismissing the plaintiff's claim that doctors implanted a microchip device in his body during an "illegal surgery" as "so delusional as to warrant dismissal as frivolous").

Littlejohn's claim that prison officials covertly implanted a device in him during a use-of-force incident so that they could see what he is seeing and hear what he is hearing warrants dismissal under the applicable law. This civil action is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as legally and factually frivolous.

**IV.    Conclusion**

Littlejohn's complaint, (Docket Entry No. 1), is dismissed with prejudice as frivolous. Any pending motions are denied as moot. Final judgment is separately entered. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on April 4, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge